UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21430-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

BERNARDO SUAREZ,

    Plaintiff,

v.

TREMONT TOWING, INC.
and EDWIN F. GONZALEZ

    Defendants,

_____/

<u>ORDER ON DEFENDANTS' MOTION TO TAX COSTS</u>

Presently pending before the Court is Defendants' Motion To Tax Costs (DE # 63). The motion is fully briefed (DE ## 64, 67). For the reasons stated below, the motion is granted in part.

I. <u>Background</u>

Plaintiff here proceeded under a one-count Complaint alleging that Defendants willfully and intentionally failed to pay him minimum wages and overtime wages, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 et seq. (DE # 1).

On April 9, 2008, after a trial, the jury found that Plaintiff had not worked for Defendants as an employee (DE # 58). On April 10, 2008, the District Court entered a Final Judgment in favor of Defendants (DE # 60).

The instant motion followed.

II. <u>Defendants' Motion to Tax Costs</u>

Defendants, as the prevailing parties, seek $2,202.47 in costs, consisting of

$1,552.47 for deposition transcript fees and $650.00 for interpreter fees (DE # 61).[1]

### III. Plaintiff's Response

In response, Plaintiff asserts that the motion should be denied because Defendants' counsel did not confer with Plaintiff's counsel, and the motion does not contain a certificate of conference, both in violation of Local Rule 7.3 A.  Plaintiff also objects to the request for $134.15 in court reporter costs regarding the non-appearance of Jamie Jara at deposition, on the ground that Plaintiff should not be responsible for Jara's failure to appear.  Plaintiff also does not understand the need or justification for the deposition of Paul Diaz and the $425.00 charge for A&M Interpreting and Translating Service (DE # 64).

### IV. The Order That The Parties Confer

On May 1, 2008, the undersigned entered an order requiring that the parties confer, that Defendant should file a reply on or before May 12, 2008, and that the reply should contain the results of the conference and should state whether the parties have resolved any of the matters raised in Plaintiff's response (DE # 65).[2]

### V. Defendants' Reply

In their reply, Defendants stated that the parties had conferred and that Plaintiff still objected to the costs named in Plaintiff's response.

In reply, Defendants assert that $134.15 in costs should be taxed relating to the Certificate of Non-Appearance generated when one of Plaintiff's witnesses at trial, Jamie Jara, did not appear for deposition on April 3, 2008.  Defendant asserts that at a pre-

---

[1] The undersigned has computed the amount sought as by Defendant as costs and arrives at $2,202.47, instead of Defendants' computation of $2,202.36 (DE # 63 at 4)

[2] In light of this Order, the undersigned rejects Plaintiff's request that the motion be denied for Defendant's failure to consult with Plaintiff concerning the motion.

hearing conference held on January 11, 2008, the Court ordered Plaintiff to produce Jara for deposition. Defendants also state that the court reporter fee for the transcript of Plaintiff's deposition of Paul Diaz was actually for the deposition of Carlos Diaz, one of Defendants' witnesses who testified at trial. Finally, Defendants assert that the $425.00 charge for A&M Interpreting and Translating Service was for: 1) Plaintiff's second deposition ($127.50); 2) an appearance fee for Jara's deposition ($85.00); and 3) for the translator needed by Defendants' witness Heberth Guzman at trial ($212.50) (DE # 67).

V. Analysis

A. Defendants Are the Prevailing Parties

It is undisputed that Defendants are the prevailing party in this case, and, are therefore entitled to tax costs in this case against Plaintiff.

B. The Amount of Defendants' Taxable Costs

1. Court Reporter Fees For Deposition Transcripts

Defendants request $1,552.47 for court reporter fees for deposition transcripts. Specifically, Defendants request the costs of the transcripts for: Defendants' depositions of Plaintiff on October 23, 2007 and April 2, 2008 ($275.90 and $230.62); the October 1, 2007 deposition of Defendant Edwin Gonzalez ($174.00); Plaintiff's October 1, 2007 deposition of Defendants' witness Robert Ashenoff ($142.80), Defendants' January 28, 2008 depositions of Plaintiff's witnesses Rene Lorenzo and Alfred Johnson ($240.00), Plaintiffs' February 7, 2008 depositions of Defendants' witnesses Grace Gonzalez and Heberth Guzman ($146.00) and Plaintiff's April 3, 2008 depositions of witnesses Jose Rivas, Freddy Florian and Paul Diaz ($209.00), totaling $2,430.87. Defendants also seek the court reporter's costs of $134.15 related to the non-appearance for deposition of Plaintiff's witness Jamie Jara, on April 3, 2008.

Plaintiff states that he does not understand the justification for taxing to Plaintiff

the costs related to the non-appearance of Jamie Jara for deposition (DE # 64 at 1, para. 2).  Plaintiff also states he has not received clarification as to the need/justification for the deposition of Paul Diaz (DE # 64 at 1, para. 3).

Defendants reply that the costs relating to the Certificate of Non-Appearance should be taxed because Jamie Jara was one of Plaintiff's witnesses at trial, Jamie Jara, did not appear for deposition on April 3, 2008, even after the Court had ordered Plaintiff to produce Jara for deposition at a pre-hearing conference held on January 11, 2008.  Defendants also assert that the court reporter fee for the transcript of Plaintiff's deposition of Paul Diaz should be taxed because it was actually for a copy of the transcript of Plaintiff's deposition of Carlos Diaz, one of Defendants' witnesses who testified at trial (DE # 67).

28 U.S.C. § 1920(2) provides for the taxation of costs for depositions which were necessarily obtained for use in the case.  The necessity for a deposition is determined in light of the facts known at the time the deposition is taken.  *DeSisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F.Supp. 906, 912 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11th Cir. 1990).

Insofar as Plaintiff does not object to taxing the costs of the transcripts of:  1) Defendants' two depositions of Plaintiff on October 23, 2007 and April 2, 2008 ($275.90 and $230.62); 2) the October 1, 2007 deposition of Defendant Edwin Gonzalez ($174.00); 3) Plaintiff's October 1, 2007 deposition of Defendants' witness Robert Ashenoff ($142.80), 4) Defendants' January 28, 2008 depositions of Plaintiff's witnesses Rene Lorenzo and Alfred Johnson ($240.00), 5) Plaintiffs' February 7, 2008 depositions of Defendants' witnesses Grace Gonzalez and Heberth Guzman ($146.00); and 6) Plaintiff's April 3, 2008 depositions of witnesses Jose Rivas, and Freddy Florian ($209.00), those costs will be taxed against Plaintiff.

The undersigned finds that the costs relating to the Certificate of Non-Appearance of Jamie Jara should be taxed against Plaintiff because Jamie Jara was one of Plaintiff's witnesses who appeared at trial.  See *DiFrancesco v. Home Furniture Liquidators, Inc.*, 2008 WL 54401 at *5 (S.D. Fla. Jan. 2, 2008), Case No. 06-21709-CIV-O'SULLIVAN, DE # 67 at 9-10 (Court awarded Plaintiff costs related to certificate of non-appearance for unspecified defendant's non-appearance at deposition).[3]

The costs of the deposition transcript of Carlos Diaz should also be taxed against Plaintiff.  Plaintiff took the deposition of Carlos Diaz, who testified at trial for Defendants.  However, the invoice for the Diaz deposition refers to him as Paul Diaz.  In their reply, Defendants state that this was actually the deposition of Carlos Diaz (DE # 67 at 2, para. 4).  Therefore, it was reasonable for Defendants to obtain transcripts of Plaintiff's deposition of Carlos Diaz, where Diaz was going to testify at trial for Defendant.

However, in connection with their request to tax the costs of the deposition transcripts, Defendants seek reimbursement for courier, handling and delivery charges, charges for exhibits and charges for ASCII discs, which are not taxable costs.

Defendants seek a total of $74.00 for handling and delivery charges by the court reporter; $11.00 each for the: 1) Edwin Gonzalez deposition on October 1, 2007; 2) Lornezo and Johnson depositions on February 7, 2008; 3) Rivas, Florian and Diaz depositions on April 3, 2008; and 4) Gladys Gonzalez and Guzman depositions on February 7, 2008, and $15.00 each for the 1) Ashernoff deposition on January 9, 2008 and the April 2, 2008 deposition of Plaintiff.  Courier, handling and delivery charges by the

---

[3] It is somewhat puzzling for Plaintiff's counsel to state that he does not understand the justification for taxing to Plaintiff the costs related to the non-appearance of Jamie Jara for deposition, when in *DiFrancesco*, Plaintiff's counsel here was also DiFrancesco's counsel, who requested and was awarded costs related to a certificate of non-appearance.

court reporter are not taxable.  See *Duckworth v. Whisenant*, 97 F.3d 1393, 1999 (11th Cir. 1996); *United States v. Davis*, 87 F.Supp.2d 82, 89 (D.R.I. 2000).  Therefore, the requested $74.00 in courier, handling and delivery charges are denied.

Defendants seek a total of $160.00 for ASCII transcripts and condensed transcripts; $25.00 for the Edwin Gonzalez deposition on October 1, 2007, $30.00 for the Rivas, Florian and Divas depositions on April 3, 2008 and for the Gladys Gonzalez and Guzman depositions on February 7, 2008, $35.00 for the Ashernoff deposition on January 9, 2008 and $40.00 for the Lornezo and Johnson depositions on February 7, 2008.  The costs of ASCII transcripts and condensed transcripts, in addition to regular transcripts, are generally not recoverable absent a showing that they were necessarily obtained for use in the case rather than for the convenience of counsel.  See *Morrison v. Reichhold Chemicals., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996); *Allocco v. City of Coral Gables*, Case No. 99-2443-CIV-ASG/CMM, February 22, 2008 Order on Defendants' Renewed Motion For Costs, DE # 501 at 17.  As counsel has made no such showing here, the $160.00 requested for ASCII transcripts and condensed transcripts is denied.

Therefore, Defendants are awarded $1,318.47 for deposition transcripts.  $234.00 in requested deposition transcript costs are denied.

2. Fees For Interpreters

Defendants request $650.00 in costs for interpreters, consisting of $225.00 for Spanish Solutions and $425.00 for A & M Interpreting and Translating Service (DE # 63 at 4).  Section 1920(5) provides for the taxation as costs of fees of interpreters.

Plaintiff does not object to the request relating to Spanish Solutions, but, in his response, he stated that he "has not been given clarification as to the need/justification for the . . . $425 charge for A & M Interpreting and Translating Service" (DE # 64 at 1, para. 3).  Defendants reply that the $425.00 for translating services was for Plaintiff's

second deposition ($127.50); an appearance fee for the deposition of Jamie Jara ($85.00), and a translator at trial for Defendants' witness Heberth Guzman ($212.50) (DE # 67 at 2, para. 4).

As Plaintiff does not object to Defendants' request to tax $225.00 paid to Spanish Solutions, Defendants are awarded the requested $225.00.  Moreover, Defendants' request for $425.00 paid to A & M Interpreting and Translating Service is also granted.  Local Rule 7.3 A.(v) requires the moving party to describe in detail all reimbursable expenses.  In their reply, Defendants have done so, and, in doing so, have provided the justification for the charge which Plaintiff sought.  Defendants' counsel has also provided the required affidavit that he has reviewed the motion and all supporting documentation and can verify that all costs included were actually performed and were necessarily incurred in the case.  Defendants are awarded the requested $650.00 for interpreters' fees.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion To Tax Costs (DE # 63), is **GRANTED in part**, and that Plaintiff shall pay Defendants $1,968.47 in costs, for which let execution issue.

**DONE AND ORDERED** in chambers at Miami, Florida, on August 1, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record**